## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW HAYWARD,<br>    Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY<br>OF BOSTON; and MASSACHUSETTS<br>FINANCIAL SERVICES COMPANY<br>LONG TERM DISABILITY PLAN,<br>    Defendants. | C.A. No. 1:22-cv-11583 |

## <u>ANSWER TO COMPLAINT</u>

Defendant The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston ("Lincoln") hereby answers Plaintiff's Complaint as follows:

1.      In response to Paragraph 1 of the Complaint, Lincoln admits that Plaintiff brings this action to recover certain benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., but Lincoln denies that Plaintiff is entitled to any remedy or relief in this action.  Lincoln also admits that it issued a Group Disability Income Policy, Policy Number GF3-810-259287-01 (the "Group Policy") to Massachusetts Financial Services Company ("MFS") to fund, in part, the employee welfare benefit plan established and maintained by MFS.  Lincoln admits that Plaintiff was, at one time, employed by MFS and thus was, at one time, a participant in the employee welfare benefit plan established and maintained by MFS.  Lincoln admits that it is the claim administrator responsible for adjudicating claims for benefits under the Group Policy.  Answering further, Lincoln states that the Group Policy is set forth in the Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 1 to the extent they are incomplete or inconsistent with the

1

terms of the Group Policy or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 1.

2.      In response to Paragraph 2 of the Complaint, Lincoln admits that Plaintiff seeks certain remedies and relief in this action, but Lincoln denies that Plaintiff is entitled to any remedy or relief in this action.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 2.

3.      In response to Paragraph 3 of the Complaint, Lincoln admits that Plaintiff makes certain allegations in this action, but Lincoln denies all allegations of unreasonable, arbitrary, capricious, or unlawful conduct.  Lincoln also denies that Plaintiff is entitled to any remedy or relief in this action.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 3.

**Parties**

4.      In response to Paragraph 4 of the Complaint, Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's residency.  Lincoln admits that Plaintiff was, at one time, employed by MFS and thus was, at one time, a participant in the employee welfare benefit plan established and maintained by MFS.  Lincoln admits that this Court has subject matter jurisdiction over this case under ERISA.  Lincoln admits that it does not challenge Plaintiff's standing to bring this action under ERISA, but Lincoln denies that Plaintiff is entitled to any remedy or relief in this action.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 4.

5.      In response to Paragraph 5 of the Complaint, Lincoln admits that it is an insurance company but denies that its principal place of business is located in Boston, Massachusetts. Lincoln admits that it is licensed in Massachusetts.  Lincoln admits that it issued the Group Policy and that it is the claim administrator responsible for adjudicating claims for benefits under the Group Policy.  Answering further, Lincoln states that the Group Policy is set forth in the

Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 5 to the extent they are incomplete or inconsistent with the Group Policy or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of the Paragraph 5.

6.      In response to Paragraph 6 of the Complaint, Lincoln admits that it was the claims administrator responsible for construing the terms of the Group Policy and determining benefit eligibility thereunder.  Lincoln admits that it had fiduciary obligations only in that capacity. Lincoln admits that the Group Policy is governed by ERISA.  Lincoln admits that Plaintiff was, at one time, employed by MFS and thus was, at one time, a participant in the employee welfare benefit plan established and maintained by MFS.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 6.

7.      Paragraph 7 of the Complaint contains an assertion of law which requires no response.  To the extent a response is required, Lincoln admits that Plaintiff's claims, the employee welfare benefit plan established and maintained by MFS, and the Group Policy are all governed by and subject to ERISA.  Unless expressly admitted, Lincoln denies the allegations of the Paragraph 7.

**Statement of Facts**
**Relevant Plan Terms**

8.      In response to Paragraph 8 of the Complaint, Lincoln admits Plaintiff was, at one time, employed by MFS and thus was, at one time, covered by the Group Policy.  Answering further, Lincoln states that the Group Policy is set forth in the Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 8 to the extent they are incomplete or inconsistent with the Group Policy or any part of the

Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 8.

9.      In response to Paragraph 9 of the Complaint, Lincoln admits Plaintiff was hired by MFS on or about May 9, 2011, and that his coverage under the Group Policy commenced according to the terms of the Group Policy.  Answering further, Lincoln states that documents concerning the dates of Plaintiff's employment with MFS and the Group Policy are set forth in the Administrative Record and speak for themselves.  Lincoln refers such documents and the Group Policy and denies the allegations of Paragraph 9 to the extent they are incomplete or inconsistent with those materials or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 9.

10.      Lincoln denies the allegations of Paragraph 10 of the Complaint.

11.      In response to Paragraph 11 of the Complaint, Lincoln admits that Plaintiff has partially quoted a portion of the Group Policy.  Answering further, Lincoln states that the full Group Policy is set forth in the Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 11 to the extent they are incomplete or inconsistent with the Group Policy or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 11.

12.      In response to Paragraph 12 of the Complaint, Lincoln admits that Plaintiff was, at one time, a "Class 1" employee under the Group Policy.  Answering further, Lincoln states that the full Group Policy is set forth in the Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 12 to the extent they are incomplete or inconsistent with the Group Policy or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 12.

13.     In response to Paragraph 13 of the Complaint, Lincoln admits that Plaintiff has partially quoted a portion of the Group Policy.  Answering further, Lincoln states that the full Group Policy is set forth in the Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 13 to the extent they are incomplete or inconsistent with the Group Policy or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 13.

14.     In response to Paragraph 14 of the Complaint, Lincoln admits that Plaintiff has partially quoted a portion of the Group Policy.  Answering further, Lincoln states that the full Group Policy is set forth in the Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 14 to the extent they are incomplete or inconsistent with the Group Policy or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 14.

15.     Lincoln denies the allegations of Paragraph 15 of the Complaint.

16.     Lincoln denies the allegations of Paragraph 16 of the Complaint.

**Mr. Hayward's Occupation and Claim for LTD Benefits**

17.     In response to Paragraph 17 of the Complaint, Lincoln admits that Plaintiff was at one time employed by MFS as a "ERM Business Partner."  Answering further, Lincoln states that certain employment records and other documents concerning Plaintiff's occupation are contained in the Administrative Record and speak for themselves.  Lincoln refers to such records and documents, as contained in the Administrative Record, and denies the allegations of Paragraph 17 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 17.

18.     In response to Paragraph 18 of the Complaint, Lincoln admits that Plaintiff and MFS submitted certain records and documents concerning Plaintiff's position at MFS and his occupational duties which are contained in the Administrative Records and speak for themselves. Lincoln refers to such records and documents, as contained in the Administrative Record, and denies the allegations of Paragraph 18 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 18.

19.     In response to Paragraph 19 of the Complaint, Lincoln admits that Plaintiff and MFS submitted certain records and documents concerning Plaintiff's position at MFS and his occupational duties which are contained in the Administrative Records and speak for themselves. Lincoln refers to such records and documents, as contained in the Administrative Record, and denies the allegations of Paragraph 19 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 19.

20.     In response to Paragraph 20 of the Complaint, Lincoln admits that Plaintiff and MFS submitted certain records and documents concerning Plaintiff's position at MFS and his occupational duties which are contained in the Administrative Records and speak for themselves. Lincoln refers to such records and documents, as contained in the Administrative Record, and denies the allegations of Paragraph 20 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 20.

21     In response to Paragraph 21 of the Complaint, Lincoln admits that Plaintiff and MFS submitted certain records and documents concerning Plaintiff's position at MFS and his

occupational duties which are contained in the Administrative Records and speak for themselves. Lincoln refers to such records and documents, as contained in the Administrative Record, and denies the allegations of Paragraph 21 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 21.

22.     In response to Paragraph 22 of the Complaint, Lincoln admits that, in connection with his claim, Plaintiff submitted certain medical records and other documents concerning his purported symptoms, conditions, and treatments.  Answering further, Lincoln states that such records and documents are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 22 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 22.

23.     In response to Paragraph 23 of the Complaint, Lincoln admits that Plaintiff stopped work at MFS on or about April 2, 2020.  Lincoln also admits that, in connection with his claim, Plaintiff submitted certain medical records and other documents concerning his purported symptoms, conditions, and treatments.  Answering further, Lincoln states that such records and documents are set forth in the Administrative Record and speak for themselves.  Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 23 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 23.

24.     In response to Paragraph 24 of the Complaint, Lincoln admits that, in connection with his claim, Plaintiff submitted certain medical records and other documents concerning his purported symptoms, conditions, and treatments.  Answering further, Lincoln states that such records and documents are set forth in the Administrative Record and speak for themselves. Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 24 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 24.

25.     In response to Paragraph 25 of the Complaint, Lincoln admits that Plaintiff received short-term disability ("STD") benefits under the employee benefit plan established and maintained by MFS.  Answering further, Lincoln states that certain records and documents concerning Plaintiff's STD benefits are set forth in the Administrative Record and speak for themselves.  Lincoln refers to such records and documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 25 to the extent they are incomplete or inconsistent with those records and documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 25.

26.     In response to Paragraph 26 of the Complaint, Lincoln admits that Plaintiff applied for LTD benefits under the Group Policy.  Lincoln also admits that, in connection with his claim, Plaintiff submitted certain medical records and other documents concerning his purported symptoms, conditions, and treatments.  Answering further, Lincoln states that Plaintiff's application and such other records and documents are set forth in the Administrative Record and speak for themselves.  Lincoln refers to such materials, as set forth in the Administrative Record, and denies the allegations of Paragraph 26 to the extent they are

incomplete or inconsistent with those materials or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 26.

27.     In response to Paragraph 27 of the Complaint, Lincoln admits that it initially determined that Plaintiff met his burden to prove entitlement to LTD benefits under the Group Policy, effective October 3, 2020, and Lincoln notified Plaintiff of that determination by letter dated October 30, 2020.  Lincoln also admits that it subsequently determined that Plaintiff failed to meet his ongoing burden to prove continuing disability under the Group Policy beyond April 7, 2021, and Lincoln notified Plaintiff of that determination by letter dated April 7, 2021. Answering further, Lincoln states that the correspondence notifying Plaintiff of its determinations is set forth in the Administrative Record and speaks for itself.  Lincoln refers to such correspondence and denies the allegations of Paragraph 27 to the extent they are incomplete or inconsistent with that correspondence or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 27.  Lincoln specifically denies that Plaintiff met his burden to prove continuing disability under the Group Policy beyond April 7, 2021.

28.     In response to Paragraph 28 of the Complaint, Lincoln admits that it initially determined that Plaintiff met his burden to prove entitlement to LTD benefits under the Group Policy, effective October 3, 2020, and Lincoln also admits that it subsequently determined that Plaintiff failed to meet his ongoing burden to prove continuing disability under the Group Policy beyond April 7, 2021.  Answering further, Lincoln states that the correspondence notifying Plaintiff of its determinations is set forth in the Administrative Record and speaks for itself. Lincoln refers to such correspondence and denies the allegations of Paragraph 28 to the extent they are incomplete or inconsistent with that correspondence or any part of the Administrative

Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 28.  Lincoln specifically denies that Plaintiff met his burden to prove continuing disability under the Group Policy beyond April 7, 2021.

### Lincoln's Review of Mr. Hayward's Disability

29.     In response to Paragraph 29 of the Complaint, Lincoln admits that it initially determined that Plaintiff met his burden to prove entitlement to LTD benefits under the Group Policy, effective October 3, 2020, and Lincoln also admits that it subsequently determined that Plaintiff failed to meet his ongoing burden to prove continuing disability under the Group Policy beyond April 7, 2021.  Answering further, Lincoln states that the correspondence notifying Plaintiff of its determinations is set forth in the Administrative Record and speaks for itself. Lincoln refers to such correspondence and denies the allegations of Paragraph 29 to the extent they are incomplete or inconsistent with that correspondence or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 29.  Lincoln specifically denies that Plaintiff met his burden to prove continuing disability under the Group Policy beyond April 7, 2021.

30.     In response to Paragraph 30 of the Complaint, Lincoln admits that as part of its full and fair review of Plaintiff's claim, Dr. Paul Stander, who is board certified in internal medicine, reviewed the medical evidence submitted by Plaintiff and his treating physicians. Answering further, Lincoln states that the reports prepared by Dr. Stander in this matter, dated October 29, 2020, February 22, 2021, and March 10, 2021, are set forth in the Administrative Record and speak for themselves.  Lincoln refers to such reports and denies the allegations of Paragraph 30 to the extent they are incomplete or inconsistent with those reports or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 30.

31.     Lincoln denies the allegations of Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, Lincoln admits that as part of its full and fair review of Plaintiff's claim, Dr. Paul Stander, who is board certified in internal medicine, reviewed the medical evidence submitted by Plaintiff and his treating physicians. Lincoln admits that Plaintiff has quoted a portion of Dr. Stander's October 29, 2020 report. Answering further, Lincoln states that the reports prepared by Dr. Stander in this matter, dated October 29, 2020, February 22, 2021, and March 10, 2021, are set forth in the Administrative Record and speak for themselves.  Lincoln refers to such reports and denies the allegations of Paragraph 32 to the extent they are incomplete or inconsistent with those reports or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 32.  Lincoln specifically denies that Plaintiff met his burden to prove continuing disability under the Group Policy beyond April 7, 2021.

33.     In response to Paragraph 33 of the Complaint, Lincoln admits that as part of its full and fair review of Plaintiff's claim, Dr. Paul Stander, who is board certified in internal medicine, reviewed the medical evidence submitted by Plaintiff and his treating physicians. Lincoln admits that Dr. Stander prepared reports in this matter, dated October 29, 2020, February 22, 2021, and March 10, 2021, and Lincoln states that such reports are set forth in the Administrative Record and speak for themselves.  Lincoln admits that it subsequently determined that Plaintiff failed to meet his ongoing burden to prove continuing disability under the Group Policy beyond April 7, 2021.  Answering further, Lincoln states that the correspondence notifying Plaintiff of its April 7, 2021 determination, and the rationale for that determination, is set forth in the Administrative Record and speaks for itself.  Lincoln refers to Dr. Stander's reports and Lincoln's April 7, 2021 determination letter and denies the allegations

of Paragraph 33 to the extent they are incomplete or inconsistent with those documents or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 33.  Lincoln specifically denies that Plaintiff met his burden to prove continuing disability under the Group Policy beyond April 7, 2021.

### Mr. Hayward's Appeal to Lincoln

34.    In response to Paragraph 34 of the Complaint, Lincoln admits that Plaintiff appealed Lincoln's April 7, 2021 determination by letter dated October 4, 2021.  Answering further, Lincoln states that Plaintiff's appeal letter of October 4, 2021, is set forth in the Administrative Record and speaks for itself.  Lincoln refers to that letter, as set forth in the Administrative Record, and denies the allegations of Paragraph 34 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 34.

35.    In response to Paragraph 35 of the Complaint, Lincoln admits that Plaintiff submitted a letter dated November 12, 2021, and certain other documents, in connection with his appeal of Lincoln's April 7, 2021 determination.  Answering further, Lincoln states that Plaintiff's letter of November 12, 2021, and the other documents submitted with it are set forth in the Administrative Record and speak for themselves.  Lincoln refers to that letter and those documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 35 to the extent they are incomplete or inconsistent with that letter, those documents, or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 35.  Lincoln specifically denies that Plaintiff met his burden to prove continuing disability under the Group Policy beyond April 7, 2021.

36.    In response to Paragraph 36 of the Complaint, Lincoln admits that as part of its full and fair review of Plaintiff's appeal, Dr. Satyarani Tallapureddy, who is board certified in

internal medicine, reviewed the medical evidence submitted by Plaintiff and his treating physicians and prepared a peer review report.  Answering further, Lincoln states that Dr. Tallapureddy's report in this matter, dated November 28, 2021, is set forth in the Administrative Record and speaks for itself.  Lincoln refers to that report and denies the allegations of Paragraph 36 to the extent they are incomplete or inconsistent with that report or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 36.

37.     Lincoln denies the allegations of Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, Lincoln is without knowledge or information sufficient to form a belief as to whether Dr. Tallapureddy is licensed to practice within the State of Massachusetts.

39.     Lincoln denies the allegations of Paragraph 39 of the Complaint.

40.     In response to Paragraph 40 of the Complaint, Lincoln admits that as part of its full and fair review of Plaintiff's appeal, and in accordance with applicable regulations, it sent a copy of Dr. Tallapureddy's November 28, 2021 report to Plaintiff by letter dated December 7, 2021.  Answering further, Lincoln states that Dr. Tallapureddy's November 28, 2021 report and Lincoln's December 7, 2021 letter are both set forth in the Administrative Record and speak for themselves.  Lincoln refers to that letter and report and denies the allegations of Paragraph 40 to the extent they are incomplete or inconsistent with that letter, that report, or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 40.

41     In response to Paragraph 41 of the Complaint, Lincoln admits that only a copy of Dr. Tallapureddy's November 28, 2021 report was enclosed with Lincoln's December 7, 2021

letter to Plaintiff.  Answering further, Lincoln states that Dr. Tallapureddy's November 28, 2021 report and Lincoln's December 7, 2021 letter are both set forth in the Administrative Record and speak for themselves.  Lincoln refers to that letter and report and denies the allegations of Paragraph 41 to the extent they are incomplete or inconsistent with that letter, that report, or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 41.

42.     In response to Paragraph 42 of the Complaint, Lincoln admits that in connection with his appeal of Lincoln's April 7, 2021 determination, Plaintiff submitted a letter dated January 14, 2022, and certain other documents.  Answering further, Lincoln states that Plaintiff's letter of January 14, 2022, and the other documents submitted with it are set forth in the Administrative Record and speak for themselves.  Lincoln refers to that letter and those documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 42 to the extent they are incomplete or inconsistent with that letter, those documents, or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 42.

43.     In response to Paragraph 43 of the Complaint, Lincoln admits that in connection with his appeal of Lincoln's April 7, 2021 determination, Plaintiff submitted a letter dated January 14, 2022, and certain other documents.  Answering further, Lincoln states that Plaintiff's letter of January 14, 2022, and the other documents submitted with it are set forth in the Administrative Record and speak for themselves.  Lincoln refers to that letter and those documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 43 to the extent they are incomplete or inconsistent with that letter, those documents, or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of

Paragraph 43.  Lincoln specifically denies that Plaintiff met his burden to prove continuing disability under the Group Policy beyond April 7, 2021.

44.     In response to Paragraph 44 of the Complaint, Lincoln admits that in connection with his appeal of Lincoln's April 7, 2021 determination, Plaintiff submitted a letter dated January 14, 2022, and certain other documents.  Answering further, Lincoln states that Plaintiff's letter of January 14, 2022, and the other documents submitted with it are set forth in the Administrative Record and speak for themselves.  Lincoln refers to that letter and those documents, as set forth in the Administrative Record, and denies the allegations of Paragraph 44 to the extent they are incomplete or inconsistent with that letter, those documents, or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 44.

45.     In response to Paragraph 45 of the Complaint, Lincoln admits that in his letter dated January 14, 2022, Plaintiff made certain arguments and assertions.  Answering further, Lincoln states that Plaintiff's letter of January 14, 2022, is set forth in the Administrative Record and speaks for itself.  Lincoln refers to that letter, as set forth in the Administrative Record, and denies the allegations of Paragraph 45 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 45.

46.     In response to Paragraph 46 of the Complaint, Lincoln admits that it made a final decision on Plaintiff's appeal on the basis of the record before Lincoln upon its receipt of Plaintiff's January 14, 2022 letter, without seeking further medical consultant review of that letter.  Answering further, Lincoln states that the rationale for its appeal decision is stated in Lincoln's uphold letter, dated March 1, 2022, which is set forth in the Administrative Record and

speaks for itself.  Lincoln refers to that letter, as set forth in the Administrative Record, and denies the allegations of Paragraph 46 to the extent they are incomplete or inconsistent with Lincoln's uphold letter or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 46.  Lincoln specifically denies that further medical consultant review of Plaintiff's January 14, 2022 letter was necessary or appropriate in this case.

47.     In response to Paragraph 47 of the Complaint, Lincoln admits that it made a final decision on Plaintiff's appeal on the basis of the record before Lincoln upon its receipt of Plaintiff's January 14, 2022 letter, without seeking further vocational consultant review of that letter.  Answering further, Lincoln states that the rationale for its appeal decision is stated in Lincoln's uphold letter, dated March 1, 2022, which is set forth in the Administrative Record and speaks for itself.  Lincoln refers to that letter, as set forth in the Administrative Record, and denies the allegations of Paragraph 47 to the extent they are incomplete or inconsistent with Lincoln's uphold letter or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 47.  Lincoln specifically denies that further vocational consultant review of Plaintiff's January 14, 2022 letter was necessary or appropriate in this case.

48.     Lincoln denies the allegations of Paragraph 48 of the Complaint.

49.     In response to Paragraph 49 of the Complaint, Lincoln admits that after a full and fair review of Plaintiff's appeal, Lincoln upheld its April 7, 2021 determination and that Lincoln notified Plaintiff of its appeal uphold decision by letter dated March 1, 2022.  Answering further, Lincoln states that its uphold letter is set forth in the Administrative Record and speaks for itself. Lincoln refers to that letter, as set forth in the Administrative Record, and denies the allegations of Paragraph 49 to the extent they are incomplete or inconsistent with that letter or any part of

the Administrative Record.  Unless expressly admitted, Lincoln denies the allegations of

Paragraph 49.

50.     In response to Paragraph 50 of the Complaint, Lincoln admits that after a full and

fair review of Plaintiff's appeal, Lincoln upheld its April 7, 2021 determination and that Lincoln

notified Plaintiff of its appeal uphold decision by letter dated March 1, 2022.  Lincoln also

admits that the rationale for its appeal decision is stated in Lincoln's March 1, 2022 uphold letter.

Answering further, Lincoln states that its uphold letter is set forth in the Administrative Record

and speaks for itself.  Lincoln refers to that letter, as set forth in the Administrative Record, and

denies the allegations of Paragraph 50 to the extent they are incomplete or inconsistent with that

letter or any part of the Administrative Record.  Unless expressly admitted, Lincoln denies the

allegations of Paragraph 50.

## Summary of Defendants' Review of Mr. Hayward's Claim

51.     In response to Paragraph 51 of the Complaint, Lincoln admits that Plaintiff took

the appeal required by the Group Policy and ERISA.  Unless expressly admitted, Lincoln denies

the allegations of Paragraph 51.  Lincoln specifically denies that Plaintiff is entitled to any

remedy or relief in this action.

52.     Lincoln denies the allegations of Paragraph 52 of the Complaint.

53.     Lincoln denies the allegations of Paragraph 53 of the Complaint.

54.     Lincoln denies the allegations of Paragraph 54 of the Complaint.

55.     Lincoln denies the allegations of Paragraph 55 of the Complaint.

56.     Lincoln denies the allegations of Paragraph 56 of the Complaint.

57.     Lincoln denies the allegations of Paragraph 57 of the Complaint.

58.     Lincoln denies the allegations of Paragraph 58 of the Complaint.

59.     Lincoln denies the allegations of Paragraph 59 of the Complaint.

60.     Lincoln denies the allegations of Paragraph 60 of the Complaint.

**First Cause of Action**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**

61.     In response to Paragraph 61 of the Complaint, Lincoln repeats and re-alleges each

of its responses to Paragraphs 1 through 60 of the Complaint, as if fully set forth again herein.

62.     Paragraph 62 of the Complaint contains assertions of law to which no response is

required.  To the extent a response is required, Lincoln admits that it issued the Group Policy to

MFS to fund, in part, the employee welfare benefit plan established and maintained by MFS.

Lincoln also admits that the Group Policy and MFS's employee welfare benefit plan are

governed by ERISA.  Answering further, Lincoln states that the Group Policy is set forth in the

Administrative Record and speaks for itself.  Lincoln refers to the Group Policy and denies the

allegations of Paragraph 62 to the extent they are incomplete or inconsistent with the terms of the

Group Policy or any part of the Administrative Record.  Unless expressly admitted, Lincoln

denies the allegations of Paragraph 62.

63.     Lincoln denies the allegations of Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains assertions of law to which no response is

required.  To the extent a response is required, Lincoln admits that Plaintiff has partially quoted

29 U.S.C. § 1132, a statute which speaks for itself.  Lincoln refers to that statute, and denies the

allegations of Paragraph 64 to the extent they are incomplete or inconsistent with the terms of

that statute or other applicable legal authority.  Unless expressly admitted, Lincoln denies the

allegations of Paragraph 64.

65.     Lincoln denies the allegations of Paragraph 65 of the Complaint.

66.     Lincoln denies the allegations of Paragraph 66 of the Complaint.

67.     Lincoln denies the allegations of Paragraph 67 of the Complaint.

68.     Lincoln denies the allegations of Paragraph 68 of the Complaint.

69.     Lincoln denies the allegations of Paragraph 69 of the Complaint.

**Second Cause of Action**
**(Attorney's Fees and Costs)**

70.     In response to Paragraph 70 of the Complaint, Lincoln repeats and re-alleges each of its responses to Paragraphs 1 through 69 of the Complaint, as if fully set forth again herein.

71.     Lincoln denies the allegations of Paragraph 71 of the Complaint.

72.     In response to Paragraph 72 of the Complaint, Lincoln admits that it has the financial ability to satisfy an award of attorney's fees in this case, but Lincoln denies that Plaintiff is entitled to any such award.  Unless expressly admitted, Lincoln denies the allegations of Paragraph 72.

73.     Lincoln denies the allegations of Paragraph 73 of the Complaint.

74.     Lincoln denies the allegations of Paragraph 74 of the Complaint.

75.     Lincoln denies the allegations of Paragraph 75 of the Complaint.

## FIRST DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Lincoln, if any, arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA.  *See* Pilot Life v. Dedeaux, 481 U.S. 41 (1987).

## THIRD DEFENSE

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policy.

## FOURTH DEFENSE

Lincoln has complied with and performed all of its promises, obligations, and duties to Plaintiff, and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

Lincoln's actions were taken in good faith in accordance with the provisions of the Group Policy.

## SIXTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to submit sufficient proof pursuant to the terms of the Group Policy.

## SEVENTH DEFENSE

Plaintiff has no legal entitlement to recover attorney's fees under ERISA because Lincoln's handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

## EIGHTH DEFENSE

Each and every act or statement done or made by Lincoln and its officers, employees, and agents with reference to Plaintiff was a good faith assertion of Lincoln's rights and, therefore, was privileged and justified.

## NINTH DEFENSE

Lincoln's decisions were neither arbitrary nor capricious nor incorrect.

**TENTH DEFENSE**

Lincoln has reasonably and substantially complied with all applicable statutes and regulations.

**ELEVENTH DEFENSE**

The Group Policy, in whole or in part, contains monthly benefits reductions, including but not limited to reductions for workers' compensation, retirement benefits, other income and Social Security benefits.  Even if Plaintiff is eligible for benefits, which Lincoln denies, Lincoln is entitled to offset payment of benefits by other income.

**TWELFTH DEFENSE**

Even if Plaintiff is currently disabled and eligible for benefits, which Lincoln denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

**THIRTEENTH DEFENSE**

Plaintiff is limited to the evidence and arguments presented during the administrative process.

**FOURTEENTH DEFENSE**

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

**FIFTEENTH DEFENSE**

There is no vesting of benefits under the Group Policy, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

## **SIXTEENTH DEFENSE**

Lincoln reserves the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

## **REQUESTED RELIEF**

Lincoln respectfully requests that the Court: (i) dismiss Plaintiff's claims against Lincoln with prejudice and enter judgment in Lincoln's favor on such claims; (ii) award Lincoln its costs of suit, including reasonable attorneys' fees; and (iii) grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted,

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY f/k/a LINCOLN
LIFE ASSURANCE COMPANY OF
BOSTON,
By its attorneys,

/s/ Scott K. Pomeroy
Scott K. Pomeroy (BBO #665110)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel: (207) 387-2961
Fax:  (207) 387-2986
scott.pomeroy@ogletree.com

-and-

/s/ Byrne J. Decker
Byrne J. Decker (BBO#680598)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Two Monument Square, 7th Floor
Portland, ME 04101
Telephone: (207) 387-2983
Facsimile: (207)387-2986
byrne.decker@ogletree.com

Dated: December 5, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I caused the within document to be electronically filed through the CM/ECF system, and it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

M. Katherine Sullivan
LAW OFFICE OF KATHERINE SULLIVAN, LLC
945 Concord Street
Framingham, MA 01701

/s/ Scott K. Pomeroy
Scott K. Pomeroy (BBO #665110)